UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HEXCEL CORPORATION, JOEL S. BECKMAN, LYNN BRUBAKER, JEFFREY C. CAMPBELL, CYNTHIA M. EGNOTOVICH, THOMAS A. GENDRON, JEFFREY A. GRAVES, GUY C. HACHEY, NICK L. STANAGE, CATHERINE A. SUEVER, WOODWARD, INC., and GENESIS MERGER SUB, INC., <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br><br> CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 12, 2020 (the "Proposed Transaction"), pursuant to which Hexcel Corporation ("Hexcel" or the "Company") will be acquired by Woodward, Inc. ("Parent") and Genesis Merger Sub, Inc. ("Merger Sub," and together with Parent, "Woodward").

2. On January 12, 2020, Hexcel's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Woodward. Pursuant to the terms of the Merger Agreement, Hexcel's stockholders will receive 0.6250 shares of Parent common stock for each share of Hexcel common

stock they own.

3. On February 28, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Hexcel common stock.

9. Defendant Hexcel is a Delaware corporation and maintains its principal executive offices at 281 Tresser Boulevard, Stamford, Connecticut 06901. Hexcel's common stock is traded

on the New York Stock Exchange under the ticker symbol "HXL."

10. Defendant Joel S. Beckman is a director of the Company.

11. Defendant Lynn Brubaker is a director of the Company.

12. Defendant Jeffrey C. Campbell is a director of the Company.

13. Defendant Cynthia M. Egnotovich is a director of the Company.

14. Defendant Thomas A. Gendron ("Gendron") is a director of the Company. Gendron also serves as the Chief Executive Officer, President, and Chairman of the Board of Parent.

15. Defendant Jeffrey A. Graves is a director of the Company.

16. Defendant Guy C. Hachey is a director of the Company.

17. Defendant Nick L. Stanage is Chief Executive Officer, President, and Chairman of the Board of the Company.

18. Defendant Catherine A. Suever is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Hexcel (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of January 10, 2020, there were approximately 83,391,547 shares of Hexcel common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

29. Hexcel is a leading advanced composites company.

30. The Company develops, manufactures, and markets lightweight, high-performance structural materials, including carbon fibers, specialty reinforcements, prepregs and other fiber-reinforced matrix materials, honeycomb, adhesives, engineered core, and composite structures, used in commercial aerospace, space and defense, and industrial applications.

31. On January 12, 2020, Hexcel's Board caused the Company to enter into the Merger Agreement with Woodward.

32. Pursuant to the terms of the Merger Agreement, Hexcel's stockholders will receive 0.625 shares of Parent common stock for each share of Hexcel common stock they own.

33. According to the press release announcing the Proposed Transaction:

> Woodward, Inc. (NASDAQ: WWD) and Hexcel Corporation (NYSE: HXL) today announced a definitive agreement to combine in an all-stock merger of equals to create a premier integrated systems provider serving the aerospace and industrial sectors. The combined company will focus on technology-rich innovations to deliver smarter, cleaner, and safer customer solutions.
>
> Under the terms of the agreement approved by the Boards of Directors of both companies, Hexcel shareholders will receive a fixed exchange ratio of 0.625 shares of Woodward common stock for each share of Hexcel common stock, and Woodward shareholders will continue to own the same number of shares of common stock in the combined company as they do immediately prior to the closing. The exchange ratio is consistent with the 30-day average share prices of both companies. Upon completion of the merger, existing Woodward shareholders will own approximately 55% and existing Hexcel shareholders will own approximately 45% of the combined company on a fully diluted basis. In connection with the transaction, Woodward is increasing its quarterly cash dividend to $0.28 a share. The merger is expected to be tax free for U.S. federal income tax purposes. . . .
>
> Approvals and Timing to Close
>
> The transaction is subject to the approval of the shareholders of both Woodward and Hexcel, as well as other customary closing conditions, including required regulatory approvals. The parties expect the merger to close in the third calendar quarter of 2020, subject to satisfaction of these conditions. . . .

Advisors

Goldman Sachs & Co. LLC is acting as exclusive financial advisor to Hexcel, and Wachtell, Lipton, Rosen & Katz is serving as legal counsel. J.P. Morgan Securities LLC is acting as exclusive financial advisor to Woodward, and Wilson Sonsini Goodrich & Rosati is serving as legal counsel.

***The Registration Statement Omits Material Information***

34. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

36. First, the Registration Statement omits material information regarding the Company's, Woodward's, and the combined company's financial projections.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) unlevered free cash flows and all underlying line items; (ii) all line items used to calculate EBITDA; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Woodward's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) unlevered free cash flows and all underlying line items; (ii) all line items used to calculate EBITDA; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39. The Registration Statement fails to disclose the combined company's financial projections, including: (i) unlevered free cash flows and all underlying line items; (ii) revenue; (iii) EBITDA and all underlying line items; and (iv) capital expenditures.

40.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

42.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis—Hexcel Standalone, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.5% to 7.5% and the perpetuity growth rates of 0.9% to 2.6%; (ii) the estimates of unlevered free cash flow for Hexcel for the years 2020 through 2024 and all underlying line items; (iii) the terminal values for Hexcel; (iv) Goldman's basis for applying a multiple range of 12.0x to 14.0x; (v) Hexcel's net debt, the amounts attributable to tax-effected pension underfunding, other post-employment benefits, and the amount of capitalized joint venture income; and (vi) the number of fully diluted outstanding shares of Hexcel common stock.

43.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis—Woodward Standalone, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 8.0% and the perpetuity growth rates of 1.3% to 3.0%; (ii) the estimates of unlevered free cash flow for Woodward for the first nine months of 2020 and for the full calendar years 2021 through 2024 and all underlying line items; (iii) the terminal values for Woodward; (iv) Goldman's basis for applying a multiple range of 12.0x to 14.0x; (v) Woodward's net debt, the amounts attributable to tax-effected pension underfunding, and other post-employment benefits; and (vi) the number of fully diluted

outstanding shares of Woodward.

44.  With respect to Goldman's Illustrative Discounted Cash Flow Analysis—Pro Forma Combined Company, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.5% to 7.5% and the perpetuity growth rates of 0.8% to 2.5%; (ii) the estimates of unlevered free cash flow for the pro forma combined company for the years 2020 through 2023 and all underlying line items; (iii) the terminal values for the pro forma combined company; (iv) Goldman's basis for applying a multiple range of 12.0x to 14.0x; (v) estimated pro forma net debt, the amounts attributable to tax-effected pension underfunding of the pro forma combined company, other post-employment benefits, the amount attributable to estimated transaction costs of the pro forma combined company, and the amount of capitalized joint venture income; and (vi) the number of fully diluted shares of the pro forma combined company common stock expected to be outstanding following the completion of the Proposed Transaction.

45.  With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—Hexcel Standalone, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of next twelve months price to earnings ("NTM P/E") multiples of 19.0x to 21.0x; (ii) the cumulative dividends per share expected to be paid to Hexcel stockholders in each of the years 2020 to 2022; (iii) projected earnings per share; and (iv) the individual inputs and assumptions underlying the discount rate of 7.50%.

46.  With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—Woodward Standalone, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of NTM P/E multiples of 19.0x to 21.0x; (ii) the cumulative dividends per share expected to be paid to Woodward stockholders in each of the years 2020 to 2022; (iii)

projected earnings per share; and (iv) the individual inputs and assumptions underlying the discount rate of 8.00%.

47. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—Pro Forma Combined Company, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of NTM P/E multiples of 19.0x to 21.0x; (ii) the cumulative dividends per share expected to be paid to the combined company stockholders in each of the years 2020 to 2022; (iii) projected earnings per share; and (iv) the individual inputs and assumptions underlying the discount rates of 8.00% and 7.50%.

48. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

49. Third, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

50. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

51. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Hexcel's Reasons for the Merger; Recommendation of the Hexcel Board; (iii) Opinion of Hexcel's Financial Advisor; and (iv) Certain Unaudited

Prospective Financial Information.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Hexcel

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Hexcel is liable as the issuer of these statements.

55. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Woodward

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and Woodward acted as controlling persons of Hexcel within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Hexcel and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and Woodward was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

65. Woodward also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66. By virtue of the foregoing, the Individual Defendants and Woodward violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and Woodward had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 16, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com